IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 1:11-cr-114-ECM |
| | ) | (WO) |
| MELISSA LYNN MIONE MCGEE | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is Defendant Melissa McGee's ("McGee") *pro se* motion for reconsideration based on post-conviction rehabilitation (doc. 221) and motion for compassionate release based on extraordinary circumstances. (Doc. 222). For the reasons that follow, the Court concludes that the Defendant's motions are due to be denied.

On July 19, 2012, the Defendant pleaded guilty to one count of aiding and abetting kidnapping in violation of 18 U.S.C. § 1201(a)(1) and 2. On January 14, 2013, she was sentenced to 210 months of imprisonment and five years of supervised release. (Doc. 183). Her sentence was affirmed on appeal. *United States v. McGee*, 540 F. App'x 948, 949 (11th Cir. 2013).

The Court first considers McGee's motion for reconsideration based on post-conviction rehabilitation (doc. 221). Relying *Pepper v. United States*, 562 U.S. 476 (2011), McGee seeks a sentence reduction, asserting that she "has received 28+ certificates" while incarcerated. (*Id.* at 1). In *Pepper*, the Court specifically held that

> when a defendant's sentence has been set aside on appeal and [her] case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since [her] prior sentencing and that such evidence may, in appropriate

cases, support a downward variance from the advisory Guidelines range.

562 U.S. at 490.

Because McGee's sentence has not been set aside on appeal, and she is not before the Court on remand for resentencing, 18 U.S.C. § 3742 and the holding of *Pepper* are inapplicable to her situation. Her motion for reconsideration based on post-sentencing rehabilitation (doc. 221) will be denied.

The Court next turns to McGee's motion for a reduction in sentence, otherwise known as compassionate release, pursuant to 18 U.S.C. § 3582(a)(1)(A), in which she asserts there are extraordinary and compelling circumstances to reduce her sentence. Specifically, McGee alleges that she suffers from chronic and severe asthma that renders her vulnerable to COVID-19. (Doc. 224).

Under § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction." However, a defendant may only move for such a reduction after she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). Although McGee alleges that "she has tried to no avail to address the Bureau of Prisons through the Administrative Remedy procedures," she presents nothing to support that allegation.[1] Until

---

[1] McGee refers the Court to "Exhibit H" in support of her contention but Exhibit H was not provided to the Court, nor were any of the other exhibits she references in her motions.

McGee demonstrates that she has exhausted her administrative remedies, her motion for reduction of sentence is due to be denied.

Accordingly, for the reasons as stated, it is

ORDERED that the Defendant's motion for reconsideration based on post-sentencing rehabilitation (doc. 221) and her motion for a reduction in sentence (doc. 222) are DENIED

DONE this 4th day of June, 2020.

                                          /s/ Emily C. Marks
                                EMILY C. MARKS
                                CHIEF UNITED STATES DISTRICT JUDGE