IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 1:11-cr-114-ECM |
| | ) | (WO) |
| MELISSA LYNN MIONE MCGEE | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is Defendant Melissa McGee's ("McGee") *pro se* request for expedited reconsideration for reduction in sentence based on extraordinary circumstances. (Doc. 230). For the reasons that follow, the Court concludes that the Defendant's motion is due to be denied.

On May 28, 2020, McGee filed a pro se motion for reconsideration based on post-sentencing rehabilitation and a pro se motion for sentence reduction. On June 4, 2020, the Court denied both motions. In her pending motion, McGee asserts that she did not get a copy of the Court's order denying her motions. Thus, the Court will direct the Clerk's Office to provide McGee with a copy of the Court's June 4, 2020 order (doc. 225).

The Court now turns to McGee's motion for expedited reconsideration for reduction in sentence pursuant to 18 U.S.C. § 3582 in which she asserts there are extraordinary and compelling circumstances to reduce her sentence. Specifically, McGee alleges that she suffers from chronic and severe asthma that renders her vulnerable to COVID-19 and she is unable to social distance while incarcerated. (Doc. 230 at 1).

Under § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction."

However, a defendant may only move for such a reduction after she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* McGee's motion for sentence reduction was denied for her failure to demonstrate that she has exhausted her administrative remedies. In her motion for expedited reconsideration, McGee does not address whether she has exhausted her administrative remedies. Consequently, because McGee has not demonstrated that she has exhausted her administrative remedies, her motion for expedited reconsideration is due to be denied.

Finally, to the extent McGee requests placement in home confinement, the decision to release inmates on home confinement rests with the Bureau of Prisons ("BOP"). *See* 18 U.S.C. § 3624(c)(2)(the BOP has the authority "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."). The Attorney General, exercising emergency authority granted to him by the CARES Act, expanded the class of inmates that can be considered for home confinement due to the national emergency declared by the President as the result of the outbreak of Coronavirus Disease 2019 (COVID-19). *See* Memorandum from the Attorney General to the Director of Bureau of Prisons, dated Apr. 3, 2020,  https://www.justice.gov/file/1266661/download (last accessed July 10, 2020). The BOP has authority under 18 U.S.C. § 3623(c)(2) and 34 U.S.C. § 60541 to effectuate the Attorney General's instruction. While section 12003(b)(2) of the CARES Act allows the BOP to extend the amount of time prisoners may serve in home confinement, it does not extend to the District Court the authority to make such an

order.  *See Allen,* 2020 WL 2199626 at 1; *United States v. Daniels*, 2020 WL 1938973, *2 (N.D. Ala. Apr. 22, 2020).  The Court concludes that "under the CARES Act, the BOP, through the Attorney General's delegation, retains the "exclusive authority and sole discretion to designate the place of an inmate's confinement," including home confinement."  *Id.*  Thus, this Court has no authority to order the BOP to change the Defendant's current place of incarceration.

Accordingly, for the reasons as stated, it is

ORDERED that the Defendant's request for expedited reconsideration for a reduction in sentence (doc. 230) is DENIED.

The Clerk of the Court is DIRECTED to provide the Defendant with a copy of the Court's June 4, 2020 Order (doc. 225) with a copy of this Order.

DONE this 20th day of July, 2020.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE