IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 1:11-cr-114-ECM |
| | ) | (WO) |
| MELISSA LYNN MIONE MCGEE | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Defendant's *pro se* "motion for resentencing" (doc. 232) which the Court construes as a motion for reduction of sentence. McGee seeks a reduction in sentence, pursuant to 18 U.S.C. § 3582(a)(1)(A), asserting that there are extraordinary and compelling reasons that qualify her for a sentence reduction. Specifically, McGee contends that the novel coronavirus (COVID-19) coupled with her underlying chronic health condition of asthma warrant a reduction of her sentence. The United States opposes the motion. (Doc. 241). The motion is ripe for resolution. After careful consideration all of McGee's submissions in support of her motion, (docs. 233, 236, 238, 239, 243, 246, 247, & 248), the Court concludes that her motion is due to be denied.

On July 19, 2012, the Defendant entered a guilty plea to aiding and abetting kidnapping in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 2. (Doc. 138). On January 17, 2013, McGee was sentenced to a term of 210 months of imprisonment. (Doc. 183). Her conviction and sentence were upheld on appeal. *See United States v. McGee*, 540 F. App'x 948 (11th Cir. 2013). McGee's current projected release date from the Bureau of Prisons ("BOP") is May 17, 2026. (https://www.bop.gov/inmateloc/ last visited Oct. 6, 2020).

**DISCUSSION**

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010). Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, the Court may modify a criminal sentence when a defendant demonstrates that she has exhausted her available administrative remedies and "extraordinary and compelling reasons" warrant a sentence reduction. A reduction in sentence for "extraordinary and compelling reasons" must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's applicable policy statement is set forth at Application Note 1 to the Commentary of § 1B1.13 of the U.S. Sentencing Guidelines, which defines "extraordinary and compelling reasons" as including (i) a terminal illness; (ii) the defendant's serious medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" (iii) the advanced age of the defendant; (iv) family circumstances such as death or incapacitation of the caregiver of the defendant's minor children; and (v) other reasons, "[a]s determined by the Director of the Bureau of Prisons." § 1B1.13 of the U.S. Sentencing Guidelines.

McGee alleges that she is entitled to a sentence reduction because she has served more than half of her sentence, she has underlying health conditions, and she has tested positive for COVID-19. McGee cites to the BOP's "inadequate response to the pandemic"

to argue that these conditions combine to constitute "extraordinary and compelling" reasons justifying a reduction in her sentence.

A defendant may only move for such a reduction after she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The United States concedes that McGee has exhausted her administrative remedies. (Doc. 241 at 7). Thus, the Court concludes that McGee properly pursued administrative relief and, thus, has exhausted her administrative remedies.

Because McGee has exhausted her administrative remedies, the Court now considers whether the COVID-19 pandemic, coupled with her medical condition, are sufficiently extraordinary and compelling to warrant reducing her sentence.[1] In support of her motion for a reduction in sentence, McGee submitted two positive COVID-19 tests (doc. 246-1 and 246-2), as well as other BOP health services reports indicating she has chronic health conditions including asthma. (Doc. 246-3–5). The evidence submitted in support of her motion demonstrate that McGee's medical condition is not as severe as she alleges. McGee provides no evidence that she cannot adequately be treated in prison. In fact, when McGee tested positive for COVID-19, she was treated.[2] (Doc. 246-5). She

[1] Although McGee cites to incidents that have occurred since her arrest, and her involvement in a situation involving a BOP employee and another inmate, (doc. 246), these circumstances do not constitute extraordinary and compelling circumstances sufficient to justify a reduction in sentence.

[2] The medical records indicate that while she experienced coughing and shortness of breath, and one day loss of smell and taste, she was "greatly improved." (Doc. 246-5).

presents no evidence that her condition was life-threatening or required hospitalization. McGee bears the burden of demonstrating that her circumstances are extraordinary and compelling to warrant relief. *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013). McGee's conclusory allegations that she is at greater risk due to her medical condition, without more, is simply insufficient for McGee to meet her burden of demonstrating extraordinary and compelling reasons. The records further demonstrate that McGee is being treated in prison. The Court concludes that McGee has failed to establish that the COVID-19 pandemic coupled with her medical condition constitute extraordinary and compelling reasons that warrant a sentence reduction.

McGee further contends that her medical condition, coupled with the BOP's inadequate response to the pandemic, are extraordinary and compelling reasons to reduce her sentence. The Court disagrees. While the existence of COVID-19 cases in the BOP is concerning, its presence alone is not an extraordinary and compelling reason that warrants a sentence reduction.

Furthermore, before granting a sentence reduction, the Court must also consider the sentencing factors set forth at 18 U.S.C. § 3553(a). These sentencing factors include the nature and circumstances of the offense, the history and characteristics of the Defendant, the need for deterrence, the need to avoid unwarranted sentencing disparities, and the need to protect the public from further crimes of the Defendant. *See* 18 U.S.C. § 3583(e)(1) and § 3553(a). The Court now turns to the sentencing factors to determine whether a reduction in sentence is warranted and is in the interest of justice.

In considering the nature and circumstances of the offenses, coupled with the need to protect the public and the need for deterrence, the Defendant argues that '[w]hen this offense was committed, [she] was having an emotional and mental breakdown," and she was "self-medicating with prescription drugs." (Doc. 246 at 9). She asserts that she "has no history of violence," she has taken numerous educational programs while incarcerated, and she is unlikely to reoffend (*Id.* at 7 & 9).

The Defendant entered a guilty plea, pursuant to a plea agreement, to aiding and abetting kidnapping. The offense involved McGee luring two adults to a specific location in order to assault them and kidnap their two children. McGee arranged for two male friends to assist her in this plot. When McGee and her cohorts took the children, they discovered a third child, an infant, in the car. Ultimately, the adult victims were hospitalized from the assault, the toddlers were given to another person, and McGee paid a friend to take the infant. Law enforcement recovered all three children. *See McGee*, 540 F. App'x at 949–50.

At the time of her sentencing, McGee was sentenced at the high end of the sentencing guideline range. The Court explained the reasons to McGee, specifying that they included, "the nature and circumstances of this crime; the extent of planning that went into the commission of this crime by you; the manipulation by you of other weaker participants; the age and the vulnerability of the victims; [and] the propensity to cause serious harm to the two adult victims, as well as the three minor victims." (Doc. 196 at 111). The Defendant offers no cogent reason why the interests of justice warrant a reduction in her sentence. The Court concludes that a reduction in sentence is not

warranted at this time due to the Defendant's history and characteristics, the nature and circumstances of the offenses, to deter the Defendant and others from engaging in illegal activity, and to protect the public from further crimes of the Defendant. The Court further concludes that a sentence reduction is not in the interest of justice.

**CONCLUSION**

Accordingly, for the reasons as stated, it is

ORDERED that the Defendant's motion to reduce sentence (doc. 232) is DENIED.

DONE this 8th day of October, 2020.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE