IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 1:11-cr-114-ECM |
| | ) | (WO) |
| MELISSA LYNN MIONE MCGEE | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Defendant's notice of appeal (docs. 254, 255 and 256) and a motion for leave to appeal *in forma pauperis* (doc. 253 and 256). Also pending before the Court are the Defendant's motion to seal appeal (doc. 251), motion to have past orders sent (doc. 252), and motion to appoint counsel (doc. 253).

28 U.S.C. § 1915(a) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." In making this determination as to good faith, the court must use an objective standard, such as whether the appeal is "frivolous," *Coppedge v. United States*, 369 U.S. 438, 445 (1962), or "has no substantive merit," *United States v. Bottoson*, 644 F.2d 1174, 1176 (5th Cir. Unit B May 1981) (per curiam); *Morris v. Ross*, 663 F.2d 1032 (11th Cir. 1981).

Applying these standards, the Court is of the opinion that the Defendant's appeal is without a legal or factual basis and, accordingly, is frivolous and not taken in good faith. *See e.g. Rudolph v. Allen,* 666 F.2d 519 (11th Cir. 1982). In this case, the Defendant seeks a sentence reduction based on the novel coronavirus (COVID-19) coupled with her underlying health condition of asthma. The Court initially denied the Defendant's motion because she had failed to exhaust her administrative remedies. (Do. 225). The Court then denied the Defendant's motion for expedited reconsideration because she still had not demonstrated that she had

exhausted her administrative remedies. (Doc. 231). On October 8, 2020, the Court denied the Defendant's motion on the merits, concluding that the Defendant had "failed to demonstrate that the COVID-19 pandemic coupled with her medical condition constitute extraordinary and compelling reasons that warrant a sentence reduction." (Doc. 250 at 4). The Court further concluded that a sentence reduction was not warranted after considering the sentencing factors set forth at 18 U.S.C. § 3553(a). (*Id.* at 5–6). Thus, the Court concludes that the Defendant's appeal is without a legal or factual basis.

The Defendant also seeks to seal her appeal (doc. 251). However, the Court previously sealed documents which contained sensitive information. Those documents remain sealed, thus, the Defendant's motion to seal is due to be denied as moot. The Defendant also moved for the appointment of counsel (doc. 253). The Court concludes that this case does not present exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner, which justify the appointment of counsel.

Finally, in her motion to have past orders sent to her (doc. 252), the Defendant asserts that she has only received one order dated July 20, 2020 (doc. 231). Although it is unclear why the Defendant has not received the Court's prior orders, out of an abundance of caution, the Court will grant the Defendant's motion.

Accordingly, for the reasons as stated, it is

ORDERED as follows that:

1. The Defendant's motions to proceed on appeal *in forma pauperis* (docs. 253 and 256) are DENIED;

2. The appeal in this cause is certified, pursuant to 28 U.S.C.A. § 1915(a), as not taken in good faith; and

3.     The Defendant's motion to seal (doc. 251) and motion for appointment of counsel (doc. 253) are DENIED.

4.     The Defendant's motion to have past court orders sent (doc. 252) is GRANTED to the extent that the Clerk of the Court is DIRECTED to send copies of Documents 237, 240, 244, 245, 249, and 250 to the Defendant at the Federal Medical Center, Carswell, P.O. Box 27137, Ft. Worth, TX 76127.

DONE this 19th day of October, 2020.

                                            /s/ Emily C. Marks  
                                    EMILY C. MARKS  
                                    CHIEF UNITED STATES DISTRICT JUDGE