IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIM. CASE NO. 1:11-cr-114-ECM |
| ) | (WO) |
| MELISSA LYNN MIONE MCGEE ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Defendant's *pro se* motion for reduction of sentence. (Doc. 271) filed on February 23, 2022. McGee again seeks a reduction in her sentence, pursuant to 18 U.S.C. § 3582(a)(1)(A), asserting that there are extraordinary and compelling reasons that qualify her for a sentence reduction.[1] Specifically, McGee argues that her erroneous classification by the Bureau of Prisons, the sentencing disparity between her co-defendants and herself, the coronavirus (COVID-19), and her underlying chronic health condition of COPD warrant the granting of her motion. (Doc. 271). The United States opposes the motion, arguing that McGee has failed to exhaust her administrative remedies and that the motion fails on its merits.[2] (Doc. 274). McGee has filed a reply to the United States' response. (Doc. 275). The motion is ripe for resolution. For the reasons that follow,

---

[1] The Court previously denied the Defendant's motion for sentence reduction on June 4, 2020, (doc. 225), for failing to exhaust her administrative remedies prior to filing her motion. (*Id*. at 2–3). On July 20, 2020, the Court denied the Defendant's motion to reconsider. (Doc. 231). On August 20, 2020, the Defendant filed another motion to reduce her sentence (doc. 232) which the Court denied on the merits on October 8, 2020, (doc. 250), and the Eleventh Circuit affirmed. *United States v. McGee*, 2022 WL 110214 (11th Cir. Jan. 12, 2022).

[2] Also pending before the Court is the United States' motion to seal (doc. 273) and McGee's motion to seal (doc. 276). Because the relevant documents contain sensitive information, the motions to seal are due to be granted.

the Court concludes that the Defendant's motion for a reduction of sentence is due to be denied.

On July 19, 2012, the Defendant entered a guilty plea to aiding and abetting kidnapping in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 2. (Doc. 138). On January 17, 2013, McGee was sentenced to a term of 210 months of imprisonment. (Doc. 183). Her conviction and sentence were upheld on appeal. *See United States v. McGee*, 540 F. App'x 948 (11th Cir. 2013). McGee's current projected release date from the Bureau of Prisons ("BOP") is May 17, 2026. (https://www.bop.gov/inmateloc/ last visited Mar. 30, 2022).

## DISCUSSION

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010). Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, the Court may modify a criminal sentence when a defendant demonstrates that she has exhausted her available administrative remedies and "extraordinary and compelling reasons" warrant a sentence reduction. A reduction in sentence for "extraordinary and compelling reasons" must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). *See also United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021) ("Section 3582(c)(1)(A) allows a sentence reduction only if 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'"). A district court may grant compassionate release only if it makes the following three findings, in any particular order: (1) there is an extraordinary and compelling reason; (2) the reduction in the sentence would be consistent with § 1B1.13 of the Sentencing

Guidelines (including a determination whether release would endanger the community); and (3) the sentencing factors found at 18 U.S.C. § 3553(a) weigh in favor of release. *See United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021). The Sentencing Commission's applicable policy statement is set forth at Application Note 1 to the Commentary of § 1B1.13, which defines "extraordinary and compelling reasons" as including (i) a terminal illness; (ii) the defendant's serious medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (iii) the advanced age of the defendant[3]; (iv) family circumstances such as death or incapacitation of the caregiver of the defendant's minor children; and (v) other reasons, "[a]s determined by the Director of the Bureau of Prisons." § 1B1.13 of the U.S. Sentencing Guidelines.

> So to apply 1B1.13, a court simply considers a defendant's specific circumstances, decides if [s]he is dangerous, and determines if [her] circumstances meet any of the four reasons that could make [her] eligible for a reduction. If [s]he is dangerous or if [her] circumstances do not match any of the four categories, then [s]he is ineligible for a reduction.

*Bryant*, 996 F.3d at 1254.

Moreover, a defendant may only move for such a reduction after she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. §

---

[3] The Commentary suggests that to qualify under the age provision, the Defendant must be "at least 65 years old," her condition must be significantly deteriorating due to aging, and she must have served at least ten years or seventy-five percent of her sentence.

3582(c)(1)(A). In her reply to the United States' response, McGee asserts that she has exhausted her administrative remedies, (doc. 275), but it is unclear from the record on what bases McGee requested relief. (*See id*. at 7). Thus, the Court is unable to determine whether the issues raised in the motion for a sentence reduction are properly exhausted. However, even assuming McGee has exhausted her administrative remedies, she is not entitled to a reduction in her sentence.

McGee asserts that her erroneous classification by the Bureau of Prisons, the sentencing disparity between her co-defendants and herself, the coronavirus (COVID-19), and her underlying chronic health condition of COPD warrant a sentence reduction. "Under *Bryant*, the only circumstances that can rise to the level of extraordinary and compelling reasons for compassionate release are limited to those extraordinary and compelling reasons as described in Section 1B1.13." *Giron*, 15 F.4th at 1346. The reasons proffered by McGee do not fit within the circumstances defined by that section. McGee's medical conditions are not terminal, nor has she demonstrated that her medical condition "substantially diminishes" her ability to care for herself while incarcerated. *See* U.S.S.G. § 1B1.13; *Giron*, 15 F.4th at 1346.

McGee's other reasons, her classification and sentencing disparities among defendants, do not constitute "other reasons" because the Director of the Bureau of Prisons has not determined that these reasons fall within the category of "other reasons."[4] *Giron*, 15

---

[4] In her reply to the Government's response, McGee argues for the first time that her offense level should have been lower, and her sentencing guideline range was too high. (Doc. 275). She also argues that she was not advised during her guilty plea that she "would be classified as a Sex Offender." (*Id*. at 3–4). These reasons do not constitute extraordinary and compelling reasons pursuant to § 1B1.13.

4

F.4th at 1347 (holding that only the Director of the Bureau of Prisons can determine "other reasons" within the meaning of § 1B1.13).  Because the Court concludes that McGee has failed to demonstrate that extraordinary and compelling reasons exist for granting her motion, it need not address any of the § 3553(a) factors or whether her release would endanger the community.  "When denying a request for compassionate release, a district court need not analyze the § 3553(a) factors if it finds either no extraordinary and compelling reason exists or that the defendant is a danger to the public." *Giron*, 15 F.4th at 1347.  *See also United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (absence of one condition precludes a sentence reduction).

Thus, because McGee's bases for requesting a sentence reduction do not constitute extraordinary and compelling reasons, and thus, do not meet the criteria set forth in § 1B1.13, her motion is due to be denied.

## CONCLUSION

Accordingly, for the reasons as stated, it is

ORDERED that the motions to seal (docs. 273 and 276) are GRANTED, and the Defendant's motion to reduce sentence (doc. 215) is DENIED.

DONE this 6th day of April, 2022.

 /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE