IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CRIM. CASE NO. 1:11-cr-114-ECM |
| ) | [WO] |
| MELISSA LYNN MIONE MCGEE ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is Defendant Melissa Lynn Mione McGee's ("McGee") *pro se* expedited motion for reduction in sentence/compassionate release. (Doc. 295). Also pending are McGee's motions to appoint counsel (docs. 294, 299); motion for a status update (doc. 303); and a "re-submitted" motion for compassion release (doc. 304). McGee again seeks a reduction in her sentence, pursuant to 18 U.S.C. § 3582(c)(1)(A), asserting that there are extraordinary and compelling reasons to reduce her sentence.[1]  Specifically, McGee argues that her family circumstances constitute extraordinary and compelling reasons because she is now the sole member of her family able to care for her elderly mother and stepfather.[2] She also asserts that the punitive prison conditions to which she has been subjected because of the pandemic, as well as her rehabilitation efforts while incarcerated, warrant the granting of compassionate release. (Doc. 295). The United States opposes the motion, arguing that the

---

[1] The Court previously denied McGee's motion for sentence reduction on June 4, 2020 (doc. 225), for failing to exhaust her administrative remedies prior to filing her motion. (*Id*. at 2–3). On July 20, 2020, the Court denied McGee's motion to reconsider. (Doc. 231). On August 10, 2020, McGee filed another motion to reduce her sentence (doc. 232), which the Court denied on the merits on October 8, 2020 (doc. 250). The Eleventh Circuit affirmed. *United States v. McGee*, 2022 WL 110214 (11th Cir. Jan. 12, 2022). On February 23, 2022, McGee filed another motion for sentence reduction (doc. 271), which the Court denied on April 6, 2022 (doc. 279).

[2] McGee asserts that her sister previously provided care but has undergone a below the knee leg amputation so she can no longer care for their parents.

balancing of the 18 U.S.C. § 3553(a) factors do not favor release. (Doc. 298). The motion is ripe for resolution. For the reasons that follow, the Court concludes that McGee's motion for a sentence reduction is due to be denied.

By way of background, on July 19, 2012, McGee entered a guilty plea to aiding and abetting kidnapping in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 2. (Doc. 138). On January 17, 2013, McGee was sentenced to a term of 210 months' imprisonment. (Doc. 183). Her conviction and sentence were upheld on appeal. *See United States v. McGee*, 540 F. App'x 948 (11th Cir. 2013). McGee's current projected release date from the Bureau of Prisons ("BOP") is May 17, 2026. *See* https://www.bop.gov/inmateloc/ (last visited September 19, 2024).

## DISCUSSION

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010). Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, the Court may reduce a sentence and grant compassionate release when a defendant demonstrates that she has exhausted her available administrative remedies, "extraordinary and compelling reasons" warrant a sentence reduction, and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021) ("Section 3582(c)(1)(A) allows a sentence reduction only if 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'").

The applicable policy statement is found in U.S.S.G. § 1B1.13. Pursuant to § 1B1.13, a district court may reduce a sentence if, "after considering the factors found at 18 U.S.C. § 3553(a), to the extent they are applicable," the court determines: (1) there is an extraordinary and compelling reason for release; (2) the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g); and (3) the reduction is consistent with the policy statement. U.S.S.G. § 1B1.13; *see also United States v. Handlon*, 97 F.4th 829, 831–82 (11th Cir. Apr. 3, 2024) (per curiam). Section 1B1.13, as amended in November 2023, defines "extraordinary and compelling reasons" to include: (1) the defendant's medical circumstances; (2) the defendant's age; (3) family circumstances of the defendant, including "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent"; (4) the defendant was a victim of abuse while in custody; (5) "other circumstances which, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)"; and (6) if the defendant received an unusually long sentence and other conditions are satisfied.

Thus, in applying § 1B1.13, the Court "considers a defendant's specific circumstances, decides if [s]he is dangerous, and determines if [her] circumstances meet any of the . . . reasons that could make [her] eligible for a reduction." *Bryant*, 996 F.3d at 1254. If the defendant is dangerous or her "circumstances do not match any of the [§ 1B1.13] categories, then [s]he is ineligible for a reduction." *Id.* "[D]istrict courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." *Id.* at 1262.

3

Additionally, a defendant may only move for such a reduction after she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). McGee asserts, and the United States concedes, that she has exhausted her administrative remedies. Thus, the Court concludes that McGee has exhausted her administrative remedies.

McGee argues that her family circumstances, the allegedly punitive prison conditions she has experienced, and her rehabilitation efforts while incarcerated warrant her release. Assuming without deciding that her family circumstances qualify as extraordinary and compelling reasons, McGee must also show that she is not a danger and that the sentencing factors found at 18 U.S.C. § 3553(a) weigh in favor of release. On this record, the Court finds that release would not be appropriate because McGee poses a danger to the community and because the § 3553(a) factors counsel strongly against her release. In determining a sentence, § 3553(a) requires courts to consider, among other factors, the nature and circumstances of the offense; as well as the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a).

McGee's offense conduct, which is detailed in the presentence investigation report (doc. 179 at 3–6, paras. 4–15), was extremely serious and involved the kidnapping of three young children and an assault on the children's parents, Jason Griffin ("Griffin") and April Lowe ("Lowe"). McGee, who falsely claimed that she worked for the Department of Human

4

Case 1:11-cr-00114-ECM-WC   Document 306   Filed 09/20/24   Page 5 of 7

Resources ("DHR"), recruited two male acquaintances (her codefendants) to help carry out her plan to beat Griffin and Lowe until they were unconscious and then take the children to DHR. McGee took her codefendants to the family's location, and at her direction, her codefendants assaulted Griffin and Lowe. McGee and her codefendants then drove away in McGee's car with the children. McGee gave two of the children to another male acquaintance and instructed him to take the children to the hospital. McGee delivered the third child, an infant, to her friend. As the Court explained at the sentencing hearing, McGee's 210-month sentence was justified given, among other factors, the nature of circumstances of the offense, the extent of McGee's planning, McGee's manipulation of the other participants, "the propensity to cause serious harm to the two adult victims, as well as the three minor victims," and "the need to set an example and to send a message that this type of conduct will not be tolerated." (Doc. 196 at 111). Those reasons remain applicable now and are by themselves sufficient to deny McGee's request for release. *See United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (explaining that the absence of one of § 3582(c)(1)(A)'s conditions precludes a sentence reduction). And for substantially similar reasons, especially the fact that the offense involved minor victims, a sentence reduction would not be consistent with § 1B1.13 because McGee's conduct demonstrates that she poses a danger to the community. *See* 18 U.S.C. § 3142(g). Thus, because the § 3553(a) factors militate strongly against release and McGee poses a danger, McGee does not meet the criteria set forth in § 3582(c)(1)(A), and her motion for reduction in sentence/compassionate release (doc. 295) is due to be denied.

McGee also has not demonstrated entitlement to the appointment of counsel for purposes of her motion for sentence reduction. (*See* docs. 294, 299). The Eleventh Circuit

5

has held that neither the United States Constitution nor 18 U.S.C. § 3006A(c) provides a right to counsel for a motion pursuant to 18 U.S.C. § 3582(c)(2). *United States v. Webb*, 565 F.3d 789, 794–95 (11th Cir. 2009) (per curiam). In an unpublished opinion, an Eleventh Circuit panel concluded that the district court's decision not to appoint counsel for a § 3582(c)(1) proceeding was not an abuse of discretion or a violation of due process, reasoning that the record did not "indicate any 'interest of justice' that would require representation by counsel in the exercise of the district's court discretionary decision" whether to reduce a sentence. *United States v. Cain*, 827 F. App'x 915, 921–22 (11th Cir. 2020) (per curiam).[3] So too here. Consequently, McGee's motions for appointment of counsel are due to be denied.

In light of the Court's denial of her motion for sentence reduction (doc. 295), McGee's remaining motions are due to be denied as moot.

## CONCLUSION

Accordingly, for the reasons stated, and for good cause, it is

ORDERED as follows:

1. The Defendant's motion to reduce sentence (doc. 295) is DENIED;

2. The Defendant's motions for appointment of counsel (docs. 294, 299) are DENIED;

3. The Defendant's motion for a status update (doc. 303) and "re-submitted" motion for compassion release (doc. 304) are DENIED as moot.

---

[3] While the Court acknowledges that *Cain* is nonbinding, the Court finds its analysis persuasive.

DONE this 20th day of September, 2024.

                                            /s/ Emily C. Marks
                                    EMILY C. MARKS
                                    CHIEF UNITED STATES DISTRICT JUDGE